[No. 2577.    April 21, 1923.]

## RUSSELL v. ANDERSON et al

[Rehearing Denied Aug. 18, 1923.]

### (SYLLABUS BY THE COURT.)

1)  Where a defense is based upon the breach or non-fulfillment of an alleged contract between the parties, made at the time of the execution and delivery of a promissory note sued on, in consideration of which the note is alleged to have been given, such contract must be provided, the alleged terms thereof being denied by the plaintiff.
P. 640.

(2)  A party, having denied an agreement to perform certain acts, does not admit the agreement or obligation by alleging that such acts were, in fact, performed.   P. 640.

Appeal from District Court, Mora County; Leahy, Judge.

Action by Henrietta L. Russell against Virgil Anderson and others. From judgment of dismissal, plaintiff appeals. Reversed and remanded with directions.

W. R. Holly, of Springer, for appellant.

C. W. G. Ward, of East Las Vegas, for appellees.

### OPINION OF THE COURT.

BOTTS, J.   Action to recover on a promissory note for $325, given in part payment of the purchase price of certain real estate described in the complaint.

Defense is total lack of consideration in this:

"That about the 1st of December, A. D. 1916, the defendant Virgil Anderson entered into an agreement to purchase the tract of land described in paragraph 2 of the complaint from Henrietta L. Russell; that, in accordance with the terms of the said agreement, the said Henrietta L. Russell was required to furnish an abstract showing good and sufficient title to the said tract of land, and to convey to the defendant Virgil Anderson the said land by good and sufficient warranty deed. * * *

"That the said Henrietta L. Russell, has wholly failed to carry out the terms of her said agreement, has neither furnished to the defendant Virgil Anderson an abstract or a good and sufficient warranty deed, and defendants are informed and believe that the said Henrietta L. Russell has no title whatsoever to the said tract of land."

The allegations of the foregoing defense were denied by the plaintiff in her reply, but she alleges that she did furnish an abstract showing good title and conveyed the land to said Anderson by a deed containing full covenants of warranty.

Plaintiff proved the material allegations of her complaint, and the defendants, in their cross-examination, over the objection of plaintiff, were permitted to go outside the scope of the direct examination and into the subject-matter of their defense. At the close of plaintiff's case, defendants moved to dismiss the complaint in language somewhat ambiguous, the motion being as follows:

"Mr. Ward to the Court. Now, if the court please, the defendant moves to dismiss this complaint, for the following reasons:

"(1) The evidence of plaintiff has shown that the consideration of $500 paid by Mr. Anderson to Mrs. Henrietta L. Russell, and the further consideration of his two promissory notes for $325 each, was the basis of a deed which has been introduced in evidence as defendant's Exhibit No. 2, and that deed, in the first place, shows on its face, a total failure of consideration, the deed being from Henrietta L. Russell, as trustee for Phoebe T. Russell and Helen H. Russell, a minor. Under the statutes of New Mexico, the property belonging to a minor cannot be conveyed by trustee, but must be conveyed after the manner approved by the statute, through a guardian's deed.

"Furthermore, the evidence of the plaintiff is that Mrs.

Russell v. Anderson et al., 28 N. M., 637

Henrietta L. Russell; Phoebe T. Russell, and Helen H. Russell purchased this land as joint owners from a man named Wilson, and therefore, even though under such a deed Henrietta L. Russell, as trustee, would be entitled to an interest in the land, the deed shows that an interest goes to Pheobe T. Russell and Helen H. Russell; in other words, the deed, which has been introduced in evidence as defendant's Exhibit No. 1, shows that the land in question was conveyed by James A. Wilson and wife to Miss Phoebe T. Russell and Helen H. Russell, minors, and Henrietta L. Russell, trustee; such deed vesting the three grantees in a joint interest in the property described.

"The defendant asks to have the plaintiff's cause dismissed, because the deed, which was the basis for the consideration paid and incurred by him, shows both on its face, and in view of the evidence introduced by the plaintiff, a total lack of consideration moving from the grantor to the grantee."

This motion was sustained by the court, and the complaint was dismissed. Plaintiff assigns this ruling as error.

It is undisputed that a deed was given by the plaintiff to the defendant Virgil Anderson, at the time the note in suit was delivered, and the copy set out in the record shows it to be a full covenant deed. This is the deed referred to in the foregoing motion as Exhibit No. 2. The defendants, however, are not relying on a breach of any of said covenants, not having pleaded them. Their motion, therefore, must be construed as bottomed on the proposition that plaintiff's case discloses a nonfulfillment by plaintiff of the executory contract of purchase and sale pleaded by defendants, in that she did not furnish the abstract, and did not convey the land in accordance with the terms of such executory contract.

Aside from any question of the right of defendants to rely on this contract after having accepted a deed, the court erred in sustaining defendant's motion and, dismissing the complaint, for the simple reason that, while pleading the executory contract, defendants did not prove it.

Defendants did not put in any evidence of their

own, but undertook to make their case on cross-examination. The undisputed proof is that plaintiff did not agree to furnish an abstract, and that defendant Virgil Anderson was informed at the time of the sale that a clear title could not be furnished on account of certain flaws which were thought to exist, and, further than this, the record is silent as to the nature of the title agreed to be furnished, or the nature of the deed by which it was to be conveyed.

Defendants contend in their brief that it is admitted in the pleadings that the plaintiff was obligated to furnish an abstract showing good and sufficient title to the land, and to convey the land by good and sufficient warranty deed as alleged in the answer by way of new matter. The language of the reply upon which they rely for such admission follows a general denial of each and every allegation of the new matter in the answer, and is as follows:

"That she did furnish an abstract showing good title and conveyed the land to the defendant Virgil Anderson by a deed containing full covenants of warranty."

[1, 2] We are unable to agree that positive denial of an obligation to furnish such abstract, or convey such title, is nullified by an allegation that she did so furnish and convey. It is the alleged obligation to so perform that is relied upon by defendants, and such obligation is fully denied and never admitted. The burden was on the defendants, therefore, to prove the alleged obligation, and this they did not do.

The plaintiff having made her case, and the defendants having failed to prove the contract, the breach or nonfulfillment of which is relied on as a defense, it follows that the judgment of the lower court should be reversed and remanded, with directions to enter judgment for plaintiff; and it is so ordered.

PARKER, C. J., and BRATTON, J., concur.